UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THR CALIFORNIA L.P., | No. 2:14-cv-923-MCE-EFB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STEVE TAYLOR, MARIA G. TAYLOR, | |
| Defendants. | |

On April 15, 2014, defendants, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for the County of San Joaquin. ECF No. 1. This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As explained below, defendants have failed to meet that burden.

1

The notice of removal states that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  ECF No. 1 at 1.  However, a review of the complaint reveals that plaintiff does not allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law.  ECF No. 1 at 8-12 (Compl.).  The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).  Here, plaintiff's one cause of action is for unlawful detainer under state law, and under the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for removal.[1]  *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

Defendants argue that a federal question has been raised under the Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. §§ 5201 *et seq*.  ECF No. 1 at 2-3.  However, "defendants' assertions of the 'Protecting Tenants at Foreclosure Act' are best characterized as defenses or potential counterclaims; neither of which are considered in evaluating whether a federal question appears on the face of a plaintiff's complaint."  *First N. Bank of Dixon v. Hatanaka*, 2011 WL 6328713, at * 4 (E.D. Cal. Dec. 16, 2011).  "[F]ederal district courts have held that a defense based on the Protecting Tenants at Foreclosure Act cannot serve as a basis for removal jurisdiction."  *Aurora Loan Servs., LLC v. Montoya*, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9,

---

[1]  Nor has defendant established that this court has diversity jurisdiction, since the notice of removal does not establish diversity of the parties or that the amount in controversy exceeds $75,000, nor does it appear that removal by defendants would be proper under 28 U.S.C. § 1441(b), which permits removal in diversity cases only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  *See also Fed. Home Loan Mortg. Corp. v. Cantillano*, 2012 WL 1193613, at *2 (C.D. Cal. Apr. 9, 2012) ("The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole.").

2011) (citing *SD Coastline LP v. Buck*, 2010 WL 4809661, at *1–3 (S.D. Cal. Nov. 19, 2010); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("provisions [of the PFTA] offer [defendant] a federal defense to an unlawful detainer action where the plaintiff fails to comply with these requirements.  A federal defense, however, does not support federal-question jurisdiction."); *Aurora Loan Servs., LLC v. Martinez*, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010)).

Therefore, because defendants have not adequately established a basis for this court's subject matter jurisdiction, the case must be remanded.  *See* 28 U.S.C. § 1447(c).

Accordingly, IT IS HEREBY RECOMMENDED that the above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of San Joaquin.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 16, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE